THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MJB INVESTMENTS, LLC,<br><br>        Plaintiff,<br>   v.<br><br>SIGNATURE FLIGHT SUPPORT, LLC,<br><br>        Defendant. | CASE NO. C24-0757-JCC<br><br>ORDER |
| SIGNATURE FLIGHT SUPPORT, LLC,<br><br>        Third-Party Plaintiff,<br>   v.<br><br>ATOMIC HELICOPTERS, LLC,<br><br>        Third-Party Defendant. | |

This matter comes before the Court on Defendant and Third-Party Plaintiff Signature Flight Support, LLC's ("Signature") motion to dismiss Third-Party Defendant Atomic Helicopters, LLC's ("Atomic") counterclaims (Dkt. No. 31). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

//

//

I.       BACKGROUND

This matter arises out of alleged damage to a helicopter (hereinafter the "Helicopter") owned by Plaintiff MJB Investments, LLC ("MJB"). (*See generally* Dkt. No. 1-1.) MJB purportedly leased the Helicopter to Atomic to provide tours and transportation to paying customers. (*See id*. at 3, 26 at 3.) Atomic then executed a two-year space permit contract (hereinafter the "Space Permit") with Signature, which included, amongst other provisions, hangar space and adjacent ramp space. (Dkt. Nos. 1-1 at 3, 26 at 3.) For reasons that are disputed in this action, the Helicopter was heavily damaged in or around June 7, 2022, as it was being transported to its hangar space. (Dkt. No. 1-1 at 4.) Specifically, MJB alleges that one of the Helicopter's blades came into contact with the hangar building, and that this contact substantially damaged the blade, rendering it not airworthy. (*Id*.) MJB asserts it incurred significant financial consequences as a result of the damage. (*Id*.)

Accordingly, MJB sued Signature in state court, alleging various forms of negligence. (*Id*. at 4–5.) Signature then removed the case to this Court, (*see generally* Dkt. No. 1), and later brought a third-party complaint against Atomic asserting breach of contract and other contract-related claims, (Dkt. No. 26 at 5–7). In turn, Atomic brought third-party counterclaims against Signature, alleging negligence/gross negligence and indemnification under the Space Permit. (Dkt. No. 27 at 5.) Signature now moves to dismiss these counterclaims. (*See generally* Dkt. No. 31.)

II.     DISCUSSION

    A.     Legal Standard

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. As such, a plaintiff must provide

grounds for their entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Nevertheless, when considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021).

**B.     Analysis**

In moving to dismiss, Signature argues Atomic fails to state any facially plausible claim that would entitle Atomic to the damages it seeks. (Dkt. No. 31 at 4.) In so arguing, Signature points to contract provisions in the Space Permit that Signature argues preclude the liability Atomic alleges (and/or the resulting damages Atomic seeks). (*Id*. at 4–7.) Signature further argues that Atomic's pleadings are conclusory at best, if not entirely "devoid of facts." (*Id*. at 7–9.) In response, Atomic contends the contract provisions on which Signature relies are inapplicable because they do not apply to the type of liability Atomic alleges or to its claim based on gross negligence. (Dkt. No. 32 at 6–10.)

To the extent the parties dispute whether the Space Permit's provisions preclude Atomic's counterclaims, such arguments require the Court to reach the merits of the case rather than simply test the sufficiency of Atomic's pleadings. As this is a motion based on a failure to state a claim, the Court need not entertain such arguments. *See, e.g., Crum & Forster Specialty Ins. Co. v. Sierra Pac. Indus., Inc.*, 2023 WL 5716885, slip op. at 3 (W.D. Wash. 2023) (denying motion to dismiss where the defendant's arguments tested the legal merits of the claims rather than the sufficiency of the complaint). The Court therefore addresses only whether Atomic has sufficiently pled its gross negligence and indemnification counterclaims.

1. Sufficiency of the Pleadings

The factual allegations underlying Atomic's counterclaims are exactly as follows:

> 2. As part of the General Terms and Conditions of the Space Permit, Signature was to provide aircraft towing services to Atomic. While performing those services Signature personnel damaged the H130 helicopter which was used by Atomic and was a significant component of its fleet. Said damage was due to the

negligence and/or gross negligence of Signature in understaffing its crews and placing them under time pressure to perform their duties which led directly to the damage to the H130. In understaffing Signature caused its employees to violate it's [sic] own policies and operated in a fashion that caused it to ignore known risks.

3. As a result of damage to the [Helicopter,] Atomic lost many business opportunities resulting in a significant loss of income and profits.

(Dkt. No. 27 at 4–5.) Signature argues that these allegations are defective because they fail to address material elements of a gross negligence claim and are otherwise conclusory and devoid of facts. (Dkt. No. 31 at 7–9.) The Court agrees.

In a case of ordinary negligence, a plaintiff need only plead the existence of a duty, breach of that duty, injury, and causation. *See Harper v. State*, 429 P.3d 1071, 1076 (Wash. 2018). A claim for gross negligence differs from ordinary negligence in that it requires a greater threshold at the breach element. *See id*. Indeed, ordinary negligence requires only that a defendant "exercise[d] less than 'that degree of care which the reasonably prudent person would exercise in the same or similar circumstances.'" *Id*. at 1077 (citation omitted). But gross negligence, on the other hand, requires a defendant to exercise "'*substantially or appreciably*' less than that degree of care which the reasonably prudent person would exercise in the same or similar circumstances." *Id*. (emphasis in original) (citation omitted). Said differently, a plaintiff must allege that the defendant "'*substantially* breached its duty by failing to act with even slight care.'" *Id*. at 1076 (emphasis in original) (citation omitted).

Here, Atomic's allegations are bare bones at best. For instance, Atomic alleges that Signature "violate[d] it's [sic] own policies and operated in a fashion that caused it to ignore known risks." (Dkt. No. 27 at 4.) But Atomic provides no information for what policies Signature employees violated, what Signature's employees did to violate those policies, or what were the known risks of violating those policies. (*See id*.) In other words, Atomic does not allege any facts that would allow the Court to reasonably infer that Signature *substantially* breached its duty of care. At best, Atomic alleges that

ORDER
C24-0757-JCC
PAGE - 4

Signature acted negligently "in understaffing its crews and placing them under time pressure to perform their duties." (Dkt. No. 27 at 4.) Yet even then, Atomic lacks any explanation for how such behavior rises to a failure "to act with even slight care," *Harper*, 429 P.3d at 1076.

As such, Atomic's allegations amount to no more than mere labels or conclusory statements that Signature engaged in some negligent conduct. *See Twombly*, 550 U.S. at 545. And though the Court must take Atomic's factual allegations as true, it need not allow a claim of gross negligence to proceed where Atomic has failed to plead sufficient factual content to support it. *See Iqbal*, 556 U.S. at 678. Moreover, because Atomic's indemnification claim hinges on a successful gross negligence claim, (*see* Dkt. No. 27 at 5), and because Atomic's gross negligence claim fails as currently pled, so too does its indemnification claim. The Court therefore GRANTS Signature's motion to dismiss and DISMISSES Atomic's third-party counterclaims.

### 2. Atomic's Request for Leave to Amend

In the event the Court grants Signature's motion to dismiss, as the Court does here, Atomic asks for the Court's leave to amend its counterclaims. (Dkt. No. 32 at 10–15.) Under Local Rule 15, "[a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion." LCR 15(a). Atomic did not do so here. Nevertheless, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, the Court is only dismissing Atomic's counterclaims for failure to plead sufficient factual content, which is a defect that could easily be cured upon amendment. The Court therefore finds good cause to grant Atomic's request for leave to amend its counterclaims.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Signature's motion to dismiss (Dkt. No. 31) and Atomic's request for leave to amend its third-party counterclaims (Dkt. No. 32 at 10–15). Atomic must file and serve its amended counterclaims within thirty (30) days of this order.

DATED this 19th day of August 2025.

						_____
						John C. Coughenour
						UNITED STATES DISTRICT JUDGE