THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MJB INVESTMENTS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SIGNATURE FLIGHT SUPPORT, LLC,<br><br>    Defendant.<br>_____<br><br>SIGNATURE FLIGHT SUPPORT, LLC,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>ATOMIC HELICOPTERS, LLC,<br><br>    Third-Party Defendant. | CASE NO. C24-0757-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff MJB Investments, LLC's ("MJB"), motion for partial summary judgment (Dkt. No. 41), Defendant and Third-Party Plaintiff Signature Flight Support, LLC's ("Signature") motion to dismiss Third-Party Defendant Atomic Helicopters, LLC's ("Atomic") crossclaims (Dkt. No. 37), and Signature's motion to continue the trial date and related deadlines (Dkt. No. 46). Having thoroughly considered the briefing and the relevant record the Court hereby DENIES in part and GRANTS in part MJB's motion for

ORDER
C24-0757-JCC
PAGE - 1

partial summary judgment (Dkt. No. 41) (as described below), DENIES Signature's Rule 56(d) motion, (Dkt. No. 50), DENIES Signature's motion to dismiss (Dkt. No. 37), and GRANTS Signature's motion to continue, (Dkt. No. 46), for the reasons explained herein.

## I.    BACKGROUND

This matter arises out of damage to MJB's helicopter, which it leased to Atomic. (*See generally* Dkt. No. 1-1.) Atomic, in turn, executed a two-year space permit contract with Signature for, amongst other things, hangar and ramp space. (*Id.* at 3.) Unfortunately, Signature, who was responsible for transporting the helicopter in/out of the hangar, damaged the helicopter while moving it into the hangar. (*Id.* at 4.) Specifically, say MJB, one of the blades impacted the hangar, rendering the aircraft unairworthy. (*Id.*) MJB alleges significant financial harm (including loss of use). (*Id.*)

Accordingly, MJB sued Signature in state court, alleging various forms of negligence. (*Id.* at 4–5.) Signature removed the case to this Court, asserting counterclaims, (*see generally* Dkt. Nos. 1, 7), and later brought a third-party complaint against Atomic asserting breach of contract and other contract-related crossclaims, (Dkt. No. 26 at 5–7). In turn, Atomic brought third-party crossclaims back against Signature, asserting negligence/gross negligence and indemnification under the space permit. (Dkt. No. 36 at 4–8.) Signature previously moved to dismiss those crossclaims, which the Court granted with leave to amend. (*See* Dkt. Nos. 31.) Atomic amended its third-party complaint, (Dkt. No. 36), and Signature again moves to dismiss the resulting crossclaims. (Dkt. No. 37.) However, during the pendency of Signature's motion to dismiss, MJB separately moves for summary judgement on Signature's counterclaims. (Dkt. No. 41.) Despite the discovery period closing prior to MJB's motion for summary judgement, (*compare* Dkt. No. 29 *with* Dkt. No. 41), Signature responds with a Rule 56(d) motion for time to conduct further discovery or, in the alternative, to deny MJB's motion for summary judgement. (*See* Dkt. No. 50.) Separately, Signature moves to amend trial dates and reopen discovery. (Dkt. No. 46.)

ORDER
C24-0757-JCC
PAGE - 2

The Court addresses each motion below.

## II.    DISCUSSION

### A.    Signature's Motion to Dismiss Atomic's Crossclaims (Dkt. No. 37)

On a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez*, 487 F.3d at 1249 (internal quotes omitted). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotes omitted).

Under Washington law,[1] which controls the instant dispute, a plaintiff need only plead the following to establish ordinary negligence: the existence of a duty, a breach of that duty, injury, and causation. *See Harper v. State*, 429 P.3d 1071, 1077 (Wash. 2018). Whereas, gross negligence has a higher threshold for breach. *See id.* Namely, a plaintiff must establish that a defendant exercised "substantially or appreciably less than that degree of care which the reasonably prudent person would exercise in the same or similar circumstances." *Id.* (citation omitted). Said differently, a plaintiff must allege facts showing that the defendant "substantially breached its duty by failing to act with even slight care." *Id.* at 341 (citation omitted).

In amending its crossclaim to attempt to make this showing, Atomic now alleges the

---

[1] All parties appear to agree that Washington law controls here. (*See generally, e.g.*, Dkt. Nos. 37, 39.)

ORDER
C24-0757-JCC
PAGE - 3

following: that Signature left the hangar to operate without the presence of upper-management, rushed its employees, failed to properly train its crews, and understaffing its crews. (*See* Dkt. No. 36 at 6–7.) In addition, says Atomic, Signature's employee who actually caused the damage elected to tow the helicopter with only one wing walker when the hangar door was not fully open, contrary to Signature's company policy. (*Id.*) While a plaintiff must provide "substantial evidence of seriously negligent acts or omissions" on the part of the defendant to survive summary judgment, *Harper*, 429 P.3d at 1078, no such evidence is necessary at the motion to dismiss stage. And here, it is ultimately an issue for the finder of fact to assess whether this alleged conduct represents a breach in the duty of care rising to the level of gross negligence. *See Bowers v. Marzano*, 290 P.3d 134, 138 (Wash. 2012) ("breach and proximate cause are generally questions of fact for a jury[.]"). Put another way, it is not for this Court to decide, at this stage, if the level of training, staffing, time constraints, and disregard for company policies equates to not even slight care on the part of Signature.

Accordingly, Signature's motion to dismiss Atomic's negligence-based crossclaim is DENIED. Further, because dismissal of Atomic's indemnity crossclaim relies on the negligence crossclaim, Signature's motion to dismiss Atomic's indemnity crossclaim is similarly DENIED.

**B.　　MJB's Motion for Partial Summary Judgment (Dkt. No. 41)**

Separately, MJB moves for summary judgment on Signature's counterclaims. (Dkt. No. 41.) In response, Signature first asks for more time to conduct discovery or, in the alternative, that the Court deny MJB's motion because there are genuine disputes of material fact that would preclude judgment as a matter of law on its counterclaims. (*See* Dkt. No. 50.)

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once a motion for summary judgment is properly made

ORDER
C24-0757-JCC
PAGE - 4

and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted). The Court then views the facts in the light most favorable to the nonmoving party and resolves any ambiguity in that party's favor. *See Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994). The Court may not, however, make credibility determinations or weigh evidence. *See Anderson*, 477 U.S. at 248–49, 255. Moreover, conclusory, non-specific statements in affidavits are not sufficient to raise a genuine dispute, and the Court will not presume "missing facts." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

1. <u>Signature's Rule 56(d) Request (Dkt. No. 50 at 6–8)</u>

A party opposing summary judgment that "cannot present facts essential to justify its opposition" may request that the Court delay consideration of the summary judgment motion so that it may conduct further discovery. Fed. R. Civ. P. 56(d). However, the party requesting a continuance must *identify by affidavit* the specific facts that further discovery would reveal and explain why those facts would preclude summary judgment. *Tatum v. City and Cnty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006).[2] The party must also present some basis for believing that the information sought actually exists. *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). Put simply, an affidavit based on speculation does not suffice, *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998), nor does "[t]he mere hope that further evidence may develop prior to trial," *Cont'l Mar. of S.F. v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO*, 817 F.2d 1391, 1395 (9th Cir. 1987).

---

[2] *Tatum* refers to Rule 56(f). In 2010, Rule 56(f) was renumbered to Rule 56(d). Rule 56(d) "carries forward without substantial change the provisions of former subdivision (f)," so authority applying former Rule 56(f) applies equally to Rule 56(d). Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment.

ORDER
C24-0757-JCC
PAGE - 5

Here, Signature fails to identify the specific facts which further discovery will reveal. While its affidavit identifies *categories of evidence* it hopes to discover (texts, financial records, e-mail communications, and correspondence with Atomic employees[3]) which MJB and Atomic have not produced, Signature's supporting affidavit does not identify *facts* it hopes to solicit from these records and communications. (*See generally* Dkt. No. 51.) And curiously, as MJB points out, Signature did not move to compel discovery of this missing evidence before the close of the discovery period. (Dkt. No. 53 at 3.) Accordingly, the Court finds no basis supporting Signature's Rule 56(d) request. The motion is DENIED. Thus, the Court turns to the merits of MJB's motion.

2.      MJB's Motion for Partial Summary Judgment on Signature's Counterclaims (Dkt. No. 41)

Signature brought counterclaims against MJB for Breach of Contract, Unjust Enrichment, and Promissory Estoppel. (Dkt. No. 7 at 8–9.) MJB moves for summary judgment on all claims, which the Court addresses in turn. (Dkt. No. 41.)

i.      *Breach of Contract*

MJB alleges Signature is unable to show the existence of a contractual agreement between it and Signature, thus rendering Signature's breach of contract counterclaim legally infirm. Under Washington law, a breach of contract claim consists of the following: (1) a contract imposing a duty; (2) breach of that duty; and (3) damages proximately caused by the breach. *Seattle Pac. Indus., Inc. v. S3 Holding LLC*, 831 F. App'x 814, 817 (9th Cir. 2020). And to establish breach, a complaint must plead privity. *See Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416, 419 (E.D. Wash. 1976).

---

[3] The relevant affidavit alleges "MJB has not produced correspondence with *Signature* employees," (Dkt. No. 51 at 3) (emphasis added), which Signature, presumably, could also access. Given the context, the Court presumes Signature seeks to receive further correspondence between MJB and Atomic.

ORDER
C24-0757-JCC
PAGE - 6

In response to MJB's motion, Signature contends that privity exists between it and MJB because the two entities operated as a joint venture or, in the alternative, that Atomic acted as MJB's agent in housing its aircraft. (*See* Dkt. No. 50 at 8–12.) The essential elements of a joint venture are (1) a contract, express or implied; (2) a common purpose; (3) a community of interest; (4) an equal right to a voice, accompanied by an equal right to control. *Paulson v. Cnty. of Pierce*, 664 P.2d 1202, 1208 (Wash. 1983). The Court may infer intent to form a partnership from the conduct of the parties when it appears that they are combining their "'property, labor, skill, and experience'" for a joint venture where the parties share profits. *In re Est. of Thornton*, 499 P.2d 864, 868 (Wash. 1972).

Here, there is a genuine issue of material fact of whether MJB exercised control over some of these elements. Specifically, Signature highlights MJB's potential joint venture with Atomic as they had (1) a contract (a profit-sharing agreement beyond what would constitute a normal lease agreement), (2) common purpose (MJB's sole member was one of three authorized pilots for Atomic, and received lease payments through a profit sharing agreement), (3) community interest (MJB's sole member owned the helicopter in question), and (4) right to control (MJB required reporting of flights and other data). (Dkt. Nos. 50 at 9–12, 53 at 4–10.) MJB disputes that it exercised any control over Atomic's business. (Dkt. No. 53 at 8–10.) As a genuine dispute of material fact exists regarding whether Atomic acted as MJB's agent, MJB's motion for judgment as a matter of law on Signature's breach of contract counterclaim is DENIED.

*ii.    Unjust Enrichment*

MJB next seeks judgment as a matter of law on Signature's unjust enrichment counterclaim. (Dkt. No. 41 at 19–20.) In support, MJB argues it had no knowledge that Atomic continued to hangar the helicopter without paying Signature rent, so it could not have received a benefit at Signature's expense. (*Id.*) Unjust enrichment allows "recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice

ORDER
C24-0757-JCC
PAGE - 7

require it." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008). A plaintiff must establish three elements to sustain an unjust enrichment claim: (1) the defendant received a benefit; (2) at plaintiff's expense; and (3) the circumstances make it inequitable for the defendant to retain the benefit without the payment of its value. *Id.* There is no dispute here that Signature hangered MJB's helicopter without payment for an extended period. (*See* Dkt. No. 53 at 12–13.) But the parties dispute whether MJB *knew this*. (Dkt. No. 53 at 13)[4] Thus, there remains a genuine issue of fact and judgment as a matter of law on Signature's unjust enrichment counterclaim would be improper at this stage. Accordingly, MJB's motion for summary judgment as to Signature's unjust enrichment claim counterclaim is DENIED.

*iii.      Promissory Estoppel*

In addition, MJB seeks judgment as a matter of law on Signature's promissory estoppel counterclaim. (Dkt. No. 41 at 20–21.) The elements for such a claim are "(1) a promise, (2) that promisor should reasonably expect to cause the promisee to change his position, and (3) actually causes the promisee to change position, (4) justifiably relying on the promise, (5) in such a manner that injustice can be avoided only by enforcement of the promise." *McCormick v. Lake Washington Sch. Dist.*, 992 P.2d 511, 516 (Wash. Ct. App. 1999).

Here, Signature fails to present the Court with any evidence of a communication, much less a promise, between MJB and Signature that would support an estoppel claim. (*See* Dkt. No. 50 at 13–14.) Instead, Signature puts forward the bare theory that, because MJB required Atomic to hangar its helicopter, this somehow created a promise between MJB and Signature. (*Id.*) This argument strains credulity. It provides no rational basis to support a promissory estoppel

---

[4] MJB asserts that it did not have knowledge that Atomic was behind on hangar rent payments. (*See* Dkt. No. 53 at 12–13.) But it also indicates (citing a page that does not exist "*Dkt. #. 11, p. 11*" docket 11 is 8 pages in total, including attachments, and paragraph 11 refers to the expiration of the space permit) that it maintained a transaction ledger with Atomic that tracked expenses, including hangar rental. (Dkt. No. 53 at 15.)

ORDER
C24-0757-JCC
PAGE - 8

counterclaim. Accordingly, MJB's motion for summary judgement as to Signature's promissory estoppel counterclaim is GRANTED.

### iv.    Attorney Fees

Lastly, MJB asks for attorney fees, pursuant to the space permit contract between Atomic and Signature. (Dkt. No. 41 at 21–22.) As this request hinges on MJB's success as to Signature's breach of contract counterclaim, it is not yet ripe for consideration here. The request is DENIED.

### C.    Signature's Motion to Continue (Dkt. No. 46)

The Court has already informally notified the parties that a trial date continuance is necessary to accommodate the Court's trial calendar. Nevertheless, prior to doing so, Signature moved to continue not just the trial date but other pretrial deadlines, including to reopen discovery to accommodate Atomic's crossclaims and to allow for further discovery in support of its counterclaims against MJB. (*See generally* Dkt. No. 46.) In doing so, Signature notes that a continuance would facilitate mediation. (Dkt. No. 52 at 2.) In response, MJB argues that Signature's failure to diligently obtain discovery is not a good cause to continue, that no injustice will result in denial of the motion, and that the Court should not consider any argument that relates to the motion for summary judgment, as those are properly addressed in the 56(d) response to the motion for summary judgment. (Dkt. No. 49 at 4–6.) Ordinarily, to determine if good cause exists to amend a Rule 16 scheduling order, the Court considers five factors.[5] Although here, this issue is mooted by the Court's need to continue trial. And it sees no good reason not to reopen discovery in support of trial. Thus, Signature's motion to continue (Dkt. No. 46) is GRANTED.

---

[5] Those factors are as follows:
> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

ORDER
C24-0757-JCC
PAGE - 9

## III.    CONCLUSION

For the foregoing reasons, MJB's motion for partial summary judgment (Dkt. No. 41) is GRANTED in part and DENIED in part as described above, Signature's motion to dismiss (Dkt. No. 37) is DENIED, and its motion to continue trial and related deadlines (Dkt. No. 46) is GRANTED.

The parties are DIRECTED within fourteen days of this order to meet and confer and provide the Court with a joint status report containing three alternative agreed-upon trial dates (from which the Court will select a trial date) falling no earlier than August 31, 2026. The Court will issue a revised scheduling order reflecting the new trial date, along with a new discovery cut-off date (of roughly 120 days before trial), a new dispositive motion deadline (occurring roughly 90 days before trial), and pre-trial filing deadlines, along with a new Rule 39.1 mediation deadline.

DATED this 18th day of February 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C24-0757-JCC
PAGE - 10